JUDIE R. RUFFIN v. CONTRACTORS & MATERIALS, INC. AND DICKERSON, INC.

No. 8320SC922

(Filed 19 June 1984)

**Negligence § 22— damages from operation of quarry—sufficiency of complaint**
    Plaintiff's complaint stated a claim for relief against defendant for damages to her real and personal property allegedly caused by defendant's negligent and unlawful operation of a rock quarry on property adjacent to that

of plaintiff, and defendant failed to show that it was entitled to summary judgment as a matter of law.

APPEAL by plaintiff from *Seay, Judge.* Order entered 22 June 1983 in Superior Court, RICHMOND County. Heard in the Court of Appeals 4 June 1984.

This is a civil action wherein plaintiff seeks to recover $50,-000 for injury to real and personal property allegedly caused by defendants' operation of a rock quarry on land adjacent to that owned by plaintiff. By complaint filed 1 April 1983 plaintiff alleged that defendants should be held strictly liable for injury caused by their conduct in carrying on an "ultrahazardous activity," that their conduct constitutes an unlawful trespass and a nuisance, that defendants have behaved in a negligent fashion, and that defendants have violated "various federal and state laws and regulations governing blasting and related activities." Before filing answer the defendants filed a "motion to dismiss" supported by an affidavit of Koy E. Dawkins, counsel for defendants, which contained the following information:

> On the 16th day of August, 1979, under my supervision, our firm prepared a deed from Dickerson, Inc. to Dickerson Realty Corporation for that real property which makes up the Rockingham, North Carolina quarry alleged to be adjacent to the lands of the Plaintiff.

> A copy of that deed as recorded in Book 620, at Page 84 thru 86, in the office of the Register of Deeds of Richmond County is attached.

The defendants likewise filed a copy of the deed referred to in the affidavit. On 22 June 1983 Judge Seay allowed defendants' motion and entered an "order and judgment" wherein he dismissed plaintiff's complaint and entered summary judgment for defendant, Dickerson, Inc. Plaintiff appealed.

*Sharpe & Buckner, by Richard G. Buckner, for plaintiff, appellant.*

*Dawkins, Glass & Lee, P.A., by Koy E. Dawkins, for defendant, appellee, Dickerson, Inc.*

HEDRICK, Judge.

In her brief plaintiff concedes that her claim against defendant Contractors & Materials, Inc., was properly dismissed. Thus, the trial court's order dismissing plaintiff's claim against defendant Contractors will be affirmed. We are thus concerned only with the propriety of the court's actions in regard to defendant Dickerson, Inc.

The rules governing dismissal of a claim under N.C. Gen. Stat. Sec. 1A-1, Rule 12(b)(6), North Carolina Rules of Civil Procedure, are well-settled. "A claim for relief should not suffer dismissal unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E. 2d 611, 613 (1979). In ruling on a motion under Rule 12(b)(6), "the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E. 2d 611, 615 (1979). Similarly, summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. Sec. 1A-1, Rule 56(c), North Carolina Rules of Civil Procedure.

In her complaint plaintiff alleged that her real and personal property had been damaged by the defendant's negligent and unlawful operation of a rock quarry on property adjacent to that of the plaintiff. Plaintiff has clearly alleged a claim for relief against the defendant, and she has not pleaded an insurmountable bar to her right to recover. As the movant for summary judgment, defendant Dickerson, Inc., has failed to offer by affidavit, exhibit, or otherwise any evidence disclosing that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter of law.

The "order and judgment" dismissing plaintiff's claim against Dickerson, Inc., will be reversed and the cause will be remanded to the Superior Court for further proceedings.

Affirmed in part, reversed and remanded in part.

Chief Judge VAUGHN and Judge WELLS concur.